IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Xiaowei Liu,<br><br>       Plaintiff,<br><br>v.<br><br>THE DEFENDANT IDENTIFIED ON SCHEDULE "A",<br><br>       Defendant. | Case No. 25-cv-15356 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER, INCLUDING A TEMPORARY INJUNCTION, A TEMPORARY ASSET RESTRAINT, AND EXPEDITED DISCOVERY**

Plaintiff Xiaowei Liu ("Plaintiff") submits this Memorandum in support of its *Ex Parte* Motion for Entry of a Temporary Restraining Order ("TRO"), including a temporary injunction, a temporary asset restraint, expedited discovery, and electronic service of process (the "*Ex Parte* Motion").

## TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY OF ARGUMENTS ....................................... 3

II. STATEMENTS OF FACTS ..................................................................................... 3

    A. Plaintiff's patent ................................................................................................ 3

    B. Defendant's unlawful activities ......................................................................... 4

III. ARGUMENT ............................................................................................................. 5

    A. Standard for temporary restraining order and preliminary injunction ................... 6

    B. Plaintiff will likely succeed on the merits .............................................................. 7

    C. There is no adequate remedy at law, and plaintiff will suffer irreparable harm in the absence of preliminary relief .................................................................................. 8

    D. The balancing of harms tips in plaintiff's favor, and the public interest is served by entry of the injunction ............................................................................................... 9

IV. THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE ............................... 10

    A. Temporary restraining order immediately enjoining defendants' unauthorized and unlawful use of the asserted patent is appropriate ....................................................... 11

    B. Preventing the fraudulent transfer of assets is appropriate ................................. 11

    C. Plaintiff is entitled to expedited discovery ............................................................ 12

    D. Plaintiff is entitled to electronic service of process ............................................. 12

V. CONCLUSION ........................................................................................................ 14

I.     **INTRODUCTION AND SUMMARY OF ARGUMENTS**

Plaintiff is requesting temporary *ex parte* relief based on an action for patent infringement against the defendants identified on Schedule A (collectively, the "Defendants"). As set forth in greater detail in the Complaint, Plaintiffs allege that, through online commerce platforms (collectively, "Online Marketplaces"), Defendants have (1) infringed, and continue to infringe, Plaintiff's United States Patent D1,090,963 S ("Asserted Patent") by manufacturing, distributing, importing, offering for sale, and/or selling the Infringing Products, i.e., the table lamp.

Defendants operate a sophisticated infringement scheme targeting Illinois residents by running e-commerce stores under various Seller Aliases, through which consumers in Illinois can purchase Infringing Products. Plaintiff respectfully requests that the Court issue an *ex parte* Temporary Restraining Order to prevent further unlawful conduct by Defendants.

Plaintiff has suffered irreparable harm and will continue to do so unless this Court enjoins Defendants from further unlawful conduct and assists Plaintiff with remedying Defendants' unlawful conduct via temporary asset restraint and expedited discovery. Accordingly, Plaintiff seeks (1) a temporary injunction against Defendants enjoining Defendants' Patent Infringement; (2) a temporary asset restraint; (3) expedited discovery; and (4) electronic service of process.

II.     **STATEMENTS OF FACTS**

A.     **Plaintiff's patent**

Plaintiff is an individual residing in the People's Republic of China and the lawful owner of the Asserted Patent. The Asserted Patent was filed on June 17, 2025 and issued on August 26, 2025. A true and accurate copy of the Asserted Patent is attached as Exhibit 2 to the Complaint.

Plaintiff invented, designed, developed, marketed, and sold the product with the design of

the Asserted Patent. Plaintiff currently sells and offers for sale Plaintiff's product online. Despite the right of exclusivity by the Asserted Patent, Plaintiff has been forced to compete with Defendants' unauthorized Infringing Products.

B.  **Defendant's unlawful activities**

Defendants are foreign-based individuals and/or business entities. Defendants have engaged in or are engaged in manufacturing, distributing, importing, offering for sale, and/or selling products which infringe Asserted Patent. Plaintiff's sales of own products have been negatively affected due to Defendants' Patent Infringement as alleged herein and within the Complaint.

Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. Infringers such as Defendants typically operate multiple credit card merchant accounts and financial accounts behind layers of payment gateways so that they can continue operation in spite of enforcement efforts.

Defendants' Infringing Products are identical to the design of the Asserted Patent as shown in the Complaint and table below. The appearance, including the variations due to different colors of light, are extremely identical.

| Plaintiff's product page | Defendant's product page 1 |
| --- | --- |



| Defendant's product page 2 | Defendant's product page 3 |

### III. ARGUMENT

Defendants' deliberate, intentional, and unlawful actions are causing, and will continue to cause, significant and irreparable harm to Plaintiff's reputation, goodwill, and the value of the

Asserted Patent. Such harm cannot be adequately remedied through monetary damages alone, as it undermines Plaintiff's brand integrity and confuses consumers.

Rule 65(b) of the Federal Rules of Civil Procedure empowers the Court to issue an ex parte Temporary Restraining Order (TRO) when immediate and irreparable injury, loss, or damage will occur to the applicant before the opposing party or their attorney can be heard in opposition. See Fed. R. Civ. P. 65(b).

This Court has original subject matter jurisdiction over the claims in this action pursuant to the Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. §§ 1338(a)-(b), and 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. Personal jurisdiction is proper over Defendants.

### A. Standard for temporary restraining order and preliminary injunction

District Courts within this Circuit hold that the standard for granting a TRO and the standard for granting a preliminary injunction are identical. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citation omitted). To obtain a preliminary injunction, the moving party must establish: (1) a likelihood of success on the merits; (2) the absence of an adequate remedy at law; and (3) irreparable harm if the injunction is not granted. *See Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).

Once the Court is satisfied that these three conditions have been met, then it must consider the harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied. *Id*. Finally, the Court must consider the potential effect on the public interest (non-parties) in denying or granting the injunction. *Id*. The evaluation process involves engaging in what the

Court has deemed "the sliding scale approach" – the more likely the plaintiff will succeed on the merits, the less the balance of harms need favor the plaintiff's position. *Id.*

**B.    Plaintiff will likely succeed on the merits**

Plaintiff is likely to succeed on the merits of its patent infringement claim. To establish a likelihood of success on the merits of its patent infringement claims, Plaintiff "must show that it will likely prove infringement, and that it will likely withstand challenges, if any, to the validity of the patent." *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1376 (Fed. Cir. 2009). Plaintiff satisfies these requirements as explained below.

The core of design patent infringement is whether, "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc*., 796 F.3d 1312, 1335 (Fed. Cir. 2015). The designs of Plaintiff's and Defendant's products share a substantial similarity including the decorative elements and overall style. Defendant has applied the patented design on their own products, with such a high level of similarity that ordinary consumers are unlikely to distinguish between them as illustrated in Complaint [1].

For validity concerns, an issued United States patent is given a statutory presumption of validity. *See* 35 U.S.C. § 282; *Advanced Commc'n Design, Inc. v. Premier Retail Networks, Inc*., 46 Fed. App'x 964, 983 (Fed. Cir. 2002). Plaintiff has enjoyed significant commercial success with its patented product, which provides secondary considerations suggesting that the Asserted Patent is not obvious. *See, e.g., Spectralytics, Inc. v. Cordis Corp*., 649 F.3d 1336, 1344 (Fed. Cir. 2011).

As mentioned above, Plaintiff has compared Defendant's Infringing Products with Plaintiff's own. The identical design suggests that the Infringing Products were exactly manufactured using Plaintiff's patented design. Accordingly, Plaintiff is likely to succeed on the merits of the patent infringement claims.

**C.    There is no adequate remedy at law, and plaintiff will suffer irreparable harm in the absence of preliminary relief**

Irreparable harm resulting from patent infringement is demonstrated when "remedies available at law, such as monetary damages, are inadequate to compensate for [that] injury." *Robert Bosch LLC v. Pylon Manufacturing Corp.*, 659 F.3d 1142, 1148 (Fed. Cir. 2011). At this stage, Plaintiff only needs to show that irreparable harm is likely. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Here, Plaintiff is likely to suffer two primary forms of irreparable harm: (1) loss of customers' goodwill, and (2) reputational harm. Each of these harms, independently, constitutes irreparable harm and offers a basis on which preliminary relief should issue. *See EnVerve, Inc. v. Unger Meat Co.*, 779 F. Supp. 2d 840, 844 (N.D. Ill. 2011).

Defendant's infringement of Plaintiff's patent by selling infringing products is likely to cause consumer confusion with Plaintiff's genuine products, resulting in harm to Plaintiff's reputation and loss of customers' goodwill. "Harm to reputation resulting from confusion between an inferior accused product and a patentee's superior product is a type of harm that is often not fully compensable by money because the damages caused are speculative and difficult to measure." *Reebok Int'l v. J. Baker*, 32 F.3d 1552, 1558 (Fed. Cir. 1994); *see also Tuf-Tite, Inc. v. Fed. Package Networks*, No. 14-cv-2060, 2014 WL 6613116, at *8 (N.D. Ill. Nov. 21, 2014).

Finally, because Defendants are businesses who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions with no U.S. presence, any

monetary judgement is likely uncollectable. *See Robert Bosch, LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1156 (Fed. Cir. 2011) (reversing denial of permanent injunction where the likely availability of monetary damages was in question, citing *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, No. 2:04-cv-0032, 2007 WL 869576, at *2 (E.D. Tex. Mar. 21, 2007) where "'all three defendants are foreign corporations and that there is little assurance that [plaintiff] could collect monetary damages.'") Defendants have shown a pattern of evasion by using multiple Seller Aliases to conceal their identities and operations. If a Temporary Restraining Order is not granted, Defendants are likely to shut down their current e-commerce stores, withdraw the funds generated from their infringing activities, and transfer those funds to foreign accounts, making recovery virtually impossible. This conduct would not only render any monetary judgment unenforceable but also allow Defendants to continue profiting from their unlawful activities, perpetuating the harm to Plaintiff. Immediate action is necessary to freeze Defendants' assets and prevent the dissipation of funds before they can evade accountability. The issuance of a Temporary Restraining Order is essential to preserve the status quo and ensure the availability of equitable relief.

For the reasons stated above, Plaintiff will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

D.  **The balancing of harms tips in plaintiff's favor, and the public interest is served by entry of the injunction**

As noted above, if the Court is satisfied that Plaintiff has demonstrated (1) a likelihood of success on the merits, (2) no adequate remedy at law, and (3) the threat of irreparable harm if preliminary relief is not granted, then it must next consider the harm that Defendant will suffer if

preliminary relief is granted, balancing such harm against the irreparable harm Plaintiff will suffer if relief is denied. *Ty, Inc.*, 237 F.3d at 895. As willful infringers, Defendant is entitled to little equitable consideration. This is because any harm to Defendant that could possibly result from a temporary restraining order is self-inflicted. Defendant took a calculated risk when they engaged in patent infringement. Under such circumstances, courts refuse to assign any "harm" to the defendant because it assumed the risk. *See Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 931 (Fed. Cir. 2012).

Through their unauthorized sales, Defendant has been profiting from the accused infringing products and harming Plaintiff's reputation and goodwill. Thus, the balance of equities tips decisively in Plaintiff's favor. As such, equity requires that Defendant be ordered to cease its unlawful conduct.

## IV. THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE

The Patent Act authorizes courts to issue injunctive relief "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.

In cases involving intellectual property rights that have multiple online sellers infringing the rights, the necessity of equitable relief including injunctions has been well-established. It is common to issue injunctive orders to ensure enforcement efforts in the end. Many attorneys have realized the issue and have made multiple declarations in relevant cases to support the issuance of injunctive reliefs. *See* Exhibits 1 to 3. In the absence of an *ex parte* restraining order, Defendants could and likely would evade from liability imposed by the Court. *See* Declaration of Huicheng Zhou. Meanwhile, there is no treaty between the United States and China establishing

recognition of judgments from United States courts in China, further rendering enforcement of judgment more difficult. *See* Exhibit 1.

A. **Temporary restraining order immediately enjoining defendants' unauthorized and unlawful use of the asserted patent is appropriate**

Plaintiff requests a temporary injunction requiring the Defendants to immediately cease all copying and distribution of the patented design on or in connection with all e-commerce stores operating under the Seller Aliases. Courts have regularly authorized injunctive relief in similar cases involving the unauthorized use of intellectual property and counterfeiting. *See, e.g., Deckers Outdoor Corp. v. P'ships, et al.*, No. 13-cv-00167, 2013 U.S. Dist. LEXIS 47248, at *24 (N.D. Ill. Mar. 27, 2013).

B. **Preventing the fraudulent transfer of assets is appropriate**

Plaintiff requests an *ex parte* restraint of Defendants' assets so that Plaintiff's right to an equitable accounting of Defendants' profits from sales of Infringing Products is not impaired. It is a relief unique to design patent infringements. *See* 35 U.S.C. §289. Issuing an *ex parte* restraint will ensure Defendants' compliance.

On the other hand, "[T]he Court unquestionably has authority to freeze assets to preserve an equitable accounting of profits, a remedy provided to counterfeiting victims by 15 U.S.C. § 1117(a)." *Johnson & Johnson v. Advanced Inventory Mgmt.*, 2020 U.S. Dist. LEXIS 248831, at *8 (N.D. Ill. July 20, 2020) (internal citations omitted); *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) (upholding asset restraint to preserve profits remedy). The section also provides ground for equitable relief and asset freeze on Defendants.

The Court has the inherent equitable authority to grant Plaintiff's request for a prejudgment asset freeze. Plaintiff has shown a likelihood of success on the merits, an immediate and irreparable harm suffered as a result of Defendants' activities and that, unless Defendants' assets are frozen, Defendants will likely hide or move their ill-gotten funds to offshore bank accounts. An asset restraint is hence proper.

C.  **Plaintiff is entitled to expedited discovery**

Federal courts possess the authority, at their discretion, to order the discovery of facts necessary to determine their jurisdiction or ability to adjudicate the merits of a case. *Vance v. Rumsfeld*, 2007 WL 4557812, at *6 (N.D. Ill. Dec. 21, 2007). This discretionary power grants courts significant flexibility in deciding whether to allow a party's discovery request. Id. Notably, courts maintain broad control over the scope of discovery and may authorize it for specific purposes, such as identifying unknown defendants or critical evidence. *See* Fed. R. Civ. P. 26(b)(2).

Here, Plaintiff seeks expedited discovery to obtain the identities and financial account information used by Defendants in their operations. This request is narrowly tailored to address urgent circumstances and prevent further irreparable harm. Specifically, identifying and freezing these financial accounts is crucial to halting ongoing activities and mitigating damage. Courts have recognized that without such expedited discovery, measures like asset restraints may fail to achieve their intended effect. *See, e.g., Deckers Outdoor Corp.*, 2013 U.S. Dist. LEXIS 47248, at *27-29. Plaintiff's asset restraint may have little meaningful effect without corresponding expedited discovery.

### D. Plaintiff is entitled to electronic service of process

Authorizing service of process via electronic means will benefit all parties and the Court by ensuring that Defendants receive prompt notice of this action, thus allowing this action to move forward expeditiously.

Most e-commerce platforms require sellers to provide an e-mail address and physical address when registering their account. E-commerce platforms are also required to obtain a working e-mail address from sellers under the INFORM Consumers ACT. *See* 15 U.S.C. § 45f. As such, it is likely that Defendants can be served electronically than through traditional service of process methods.

Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. *Gianni Versace, S.P.A. v. P'Ships, et al.*, 2019 U.S. Dist. LEXIS 94989, at *3 (N.D. Ill. Feb. 27, 2019 (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)).

To the best knowledge of Plaintiff, Defendants are not residents of United States. The public information shows that Defendants are mainly from The People's Republic of China, which is a signatory to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention").

According to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." *Id*. The Hague Convention also does not preclude service by e-mail. *See e.g., Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies*, LLC, 295 F.R.D. 259, 261 (S.D. Ohio 2013); *Facebook, Inc. v. Banana Ads, LLC*, 2012 U.S. Dist. LEXIS 42160, at *6–7 (N.D. Cal. Mar. 27, 2012).

For the reasons set forth herein, Plaintiff respectfully requests this Court's permission to electronically serve Defendants, who reside outside the United States. In accordance with this request, the proposed Temporary Restraining Order includes the authorization.

**V.   CONCLUSION**

In view of the foregoing and consistent with previous similar cases, Plaintiff requests that the Court enter a Temporary Restraining Order in the form submitted herewith.

Dated December 31, 2025.

Respectfully submitted
By: /s/ *Huicheng Zhou*
Bar No. 350005
Phone: 909-284-1929
2108 N ST STE #8330
Sacramento, CA 95816
Huicheng.zhou@aliothlaw.com
*Attorney for Plaintiff*
