# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Xiaowei Liu, <br><br>　　　　Plaintiff, <br><br>v. <br><br>THE DEFENDANT IDENTIFIED ON SCHEDULE A, <br><br>　　　　Defendant. | Case No. 25-cv-15356 |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION FOR ENTRY OF PRELIMINARY INJUNCTION

Plaintiff Xiaowei Liu ("Plaintiff"), by and through his undersigned counsel, hereby submits this Memorandum in support of its Motion for Entry of Preliminary Injunction ("PI").

Specifically, as the online platforms are experiencing serious delays these days, Plaintiff asks the court to let the previous TRO granted on January 5, 2026 remain in place until such time that the Court can rule on the imminent preliminary injunction motion. "Nothing in [Rule 65] prevents a district court from continuing a TRO while reserving decision on a motion for preliminary injunction." *See S.E.C. v. Unifund SAL*, 910 F.2d 1028, 1034 (2d Cir. 1990).

Plaintiff have served the necessary documents including the Complaint and summons to Defendants before filling this motion. The list of defendants in the proposed order is modified and those dismissed already or cannot be served are excluded.

**I. INTRODUCTION**

Plaintiff respectfully moves for a Preliminary Injunction against Defendants named in Plaintiff's Complaint for patent infringement. As alleged in Plaintiff's Complaint, Defendants

are offering for sale and/or selling Infringing Products through various fully interactive commercial internet stores identified in Schedule "A" to the Complaint (collectively, the "Defendant Internet Stores").

## II. STATEMENTS OF FACTS

Plaintiff has created the design of the table lamp. The lamp's special design provides convenience and unique decoration to daily lives. *See* Declaration of Xiaowei Liu to the Complaint. Plaintiff has registered its design patent under No. D1,090,963 S ("Asserted Patent"), issued on August 26, 2025. Plaintiff owns exclusive rights in using the design.

On January 5, 2026, this Court entered a Temporary Restraining Order ("TRO") against Defendants. The TRO included a temporary injunction, a temporary asset restraint, and expedited discovery.

Plaintiff respectfully requests that this Court convert the TRO into a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Infringing Products during the pendency of this litigation. As part of the Preliminary Injunction, Plaintiff requests that Defendants' financial accounts remain frozen until completion of the proceedings.

## III. ARGUMENT

District Courts within this Circuit hold that the standard for granting a TRO and the standard for granting a preliminary injunction are identical. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citation omitted). To obtain a preliminary injunction, the moving party must establish: (1) a likelihood of success on the merits; (2) the absence of an adequate remedy at law; and (3) irreparable harm if the

injunction is not granted. *See Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).

In this case, this Court should grant Plaintiff's Motion for Entry of a Preliminary Injunction because this Court has already found the requirements for a preliminary injunction to be satisfied and the equitable relief sought remains appropriate.

**A.     This court has already found that the requirements for a preliminary injunction have been satisfied.**

First, as addressed in Plaintiff's Memorandum in Support of its TRO, there is likelihood that Plaintiff will succeed on the merits. Here, Plaintiff is the owner of the Asserted Patent. The Infringing Products are substantially similar to Plaintiff Asserted Design. Further, to provide this Court with evidence from Defendant, Plaintiff provided screenshot evidence for Defendants' Infringing Products.

Second, Plaintiff has suffered irreparable harm. Plaintiff has shown a likelihood of success on the merits and is entitled to a rebuttable presumption of irreparable harm. 15 U.S.C. § 1116(a). Defendants' unauthorized use of Asserted Patent has and continues to irreparably harm Plaintiff through loss of future sales and diminished market share. Without the entry of a preliminary injunction order, Defendants will continue to offer Infringing Products. Accordingly, Plaintiff has established that it will be irreparably harmed by Defendants' infringing conduct if a preliminary injunction is not entered.

Third, the balancing of harm remains in Plaintiff's favor. The Seventh Circuit has held that public interest is served from injunctive relief, since it "preserves the integrity of the laws which seek to encourage individual effort and creativity by granting valuable enforceable rights." *Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607, 620 (7th Cir. 1982) (internal

citations omitted). "As willful infringers, Defendants are entitled to little equitable consideration." *Bulgari, S.P.A. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 14-cv-4819, 2014 U.S. Dist. LEXIS 107218, at *21 (N.D. Ill. July 18, 2014). Accordingly, Plaintiff has established that the balancing of harm tips in Plaintiff's favor.

Finally, the issuance of a preliminary injunction against Defendants remains in the public interest. The public is still under the false impression that Defendants are operating their e-commerce stores with Plaintiff's approval and endorsement. In this case, the injury to the public is significant, and the injunctive relief that Plaintiff seeks is specifically intended to remedy that injury by stopping Defendants' infringing actions. Although Defendants may argue such injunctive relief preemptively destroys their business before they had the opportunity for a full hearing on the merits, courts in this Circuit have held if it is validated, "infringer 'would be encouraged to go into an infringing business because it can later argue to a court that enjoining the blatant infringement would sink the business'…[w]e do not accept such reasoning." *In re Aimster*, 252 F. Supp. 2d 634, 665 (N.D. Ill. 2002). As such, the issuance of preliminary injunction serves public interest.

**B.     The Equitable Relief Sought Remains Appropriate**

Courts can issue injunctive relief "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S. Code § 283.

As relief, Plaintiff seeks a preliminary injunction enjoining Defendants from the manufacture, importation, distribution, offering for sale, and sale of Infringing Products. Furthermore, Plaintiff seeks an asset freeze to ensure the availability of monetary relief in the future. The freezing of assets "is also appropriate … because Defendants may otherwise transfer

their financial assets to overseas accounts, thereby depriving the Plaintiff of final relief." *See Reebok Int'l Ltd. v. Marnatech Enters., Inc*., 970 F.2d 552, 559 (9th Cir. 1992); *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) ("[S]ince the assets in question ... were profits of the [defendants] made by unlawfully stealing [the plaintiffs'] services, the freeze is appropriate and may remain in place pending final disposition of this case."). As a result, such relief was previously granted in the TRO.

The sale restraint remains appropriate. To prevent the Defendants from further manufacturing, importing, distributing, offering for sale, and selling Infringing Products, Plaintiff respectfully requests that the injunctive relief already awarded be extended. A preliminary injunction is necessary to enjoin Defendants from continuing to violate Asserted Patent and causing irreparable harm during the process of the case.

The continued asset restraint also remains appropriate. Plaintiff requests a continued asset freeze so that Defendants' accounts in U.S.-based financial institutions remain frozen throughout the litigation. Again, there is a significant risk that Defendants could destroy relevant documentary evidence and hide or transfer assets beyond the reach of this Court. In the absence of a preliminary injunction, Defendants are likely to move any assets overseas, rendering any award against them uncollectable. Essentially, without a preliminary injunction, this Court's TRO will have only delayed Defendants actions to evade. Thus, Defendants' assets should remain frozen for the remainder of the proceedings.

To conclude, this Court has previously granted a sale and asset restraint. No circumstances or facts have changed that would render a sale or asset restraint unnecessary. This Court should grant Plaintiff's Motion for Entry of a Preliminary Injunction and extending the sale and asset restraint.

## IV. CONCLUSION

In view of the foregoing and consistent with previous similar cases, Plaintiff respectfully requests that the Court enter a Preliminary Injunction in the form submitted herewith.

Dated February 3, 2026.

                                                  Respectfully submitted
                                                  By: /s/ *Huicheng Zhou*
                                                  Bar No. 350005
                                                  Phone: 909-284-1929
                                                  2108 N ST STE #8330
                                                  Sacramento, CA 95816
                                                  Huicheng.zhou@aliothlaw.com
                                                  *Attorney for Plaintiff*