


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Xiaowei Liu,
Plaintiff,

v.

The Partnerships and Unincorporated Associations Identified on Schedule "A",
Defendants.

Case No. 25-cv-15356
Hon. Mary M. Rowland

DEFENDANT MEIR DAVID'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER

Defendant Meir David, appearing pro se, respectfully submits this Opposition to Plaintiff's Motion for Preliminary Injunction and moves to dissolve the Temporary Restraining Order as applied to him.

Defendant Meir David is the sole individual owner of the online storefronts identified in Schedule A and operates them as a sole proprietorship. He appears in this action in his individual capacity. Defendant resides in Israel and does not maintain offices, employees, agents, warehouses, inventory, or bank accounts in Illinois.

---

I. INTRODUCTION

Plaintiff seeks extraordinary injunctive relief despite the absence of:

- any completed sale of the accused product
- any shipment of the accused product to Illinois
- any revenue generated from the accused product
- any ongoing offer of the accused product

The only allegation is that a product listing appeared online. As confirmed in Defendant's Declaration, no sale occurred, no revenue was generated, and the listing was removed.

Under controlling Supreme Court and Seventh Circuit precedent, mere online accessibility or listing is insufficient to establish specific personal jurisdiction.

Because jurisdiction is lacking and Plaintiff cannot demonstrate likelihood of success or irreparable harm, the Motion must be denied and the TRO dissolved.

---

II. THIS COURT LACKS PERSONAL JURISDICTION

Specific jurisdiction requires:

1. Purposeful direction of activities toward Illinois; and
2. Claims arising out of those Illinois-directed activities.

See Advanced Tactical Ordnance Sys. v. Real Action Paintball, Inc., 751 F.3d 796 (7th Cir. 2014).

The Seventh Circuit emphasized that the mere maintenance of a website accessible to residents of the forum state does not demonstrate purposeful direction.

Similarly, in Matlin v. Spin Master Corp., 921 F.3d 701 (7th Cir. 2019), the court rejected jurisdiction where forum contact was not genuinely directed at the state.

In NBA Properties, Inc. v. Partnerships & Unincorporated Associations Identified on Schedule A, 549 F. Supp. 3d 790 (N.D. Ill. 2021), the court emphasized that jurisdiction in online infringement cases depends on knowingly shipping infringing goods into Illinois.

As set forth in Defendant's sworn Declaration:

- The accused product was never sold
- The accused product was never shipped to Illinois
- No revenue was generated
- The listing was removed

Although Defendant operates an online business accessible nationwide, specific jurisdiction must arise from suit-related conduct connected to Illinois. No such conduct occurred with respect to the accused product.

A withdrawn online listing, without any Illinois sale or shipment, does not constitute purposeful availment.

General jurisdiction is likewise absent because Defendant resides in Israel and is not "at home" in Illinois.

Accordingly, personal jurisdiction is lacking.

---

## III. PLAINTIFF CANNOT SHOW LIKELIHOOD OF SUCCESS

A preliminary injunction requires a likelihood of success on the merits.

Plaintiff asserts infringement of Design Patent D1,090,963.

However, as confirmed by sworn declaration:

- No sale occurred
- No shipment occurred
- No revenue was obtained
- The listing was removed

Plaintiff has not demonstrated any completed act of infringement within this District.

Moreover, Plaintiff has not established substantial similarity under the ordinary observer test.

Where no transaction occurred and no forum-directed conduct exists, Plaintiff cannot establish likelihood of success sufficient to justify extraordinary injunctive relief.

---

## IV. NO IRREPARABLE HARM

Irreparable harm is not presumed.

Plaintiff must demonstrate harm that cannot be remedied by money damages.

Here:

- No lost sales
- No profits derived from the accused product
- No ongoing offer for sale
- No continuing conduct

Because no sale occurred and the listing has been removed, there is no ongoing harm.

---

### V. BALANCE OF HARMS FAVORS DEFENDANT

The TRO resulted in the freezing of Defendant's eBay payment account beginning approximately January 24, 2026.

As set forth in the Declaration, the freeze applies to funds unrelated to the accused product and has halted Defendant's broader business operations.

Plaintiff has not shown:

- risk of asset dissipation
- concealment of assets
- willful infringement
- any Illinois-based transaction
- any profits to preserve

An asset restraint is intended to preserve potentially recoverable profits. Where no infringing sales occurred and no profits exist to preserve, continuation of the freeze becomes punitive rather than preservative.

Defendant has voluntarily appeared before this Court.

---

### VI. MOTION TO DISSOLVE TRO

Under Rule 65(b)(4), a restrained party may move to dissolve a TRO.

Because:

1. Jurisdiction is lacking;
2. No irreparable harm exists;
3. No sale occurred;
4. No profits exist to preserve;
5. The restraint freezes unrelated funds;

The TRO should be dissolved as applied to Defendant Meir David.

---

PRAYER FOR RELIEF

Defendant respectfully requests that this Court:

1. Deny Plaintiff's Motion for Preliminary Injunction;
2. Dissolve the Temporary Restraining Order as applied to Defendant Meir David;
3. Dismiss Defendant Meir David for lack of personal jurisdiction;
4. Grant such further relief as the Court deems just and proper.

Respectfully submitted,

Meir David
Israel
February 4, 2026