**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Xiaowei Liu, | ) | |
| | ) | Case No.: 1:25-cv-15356 |
| Plaintiff, | ) | |
| v. | ) | Dist. Judge Mary M. Rowland |
| | ) | |
| The Defendants Identified on Schedule A, | ) | Mag. Judge Albert Berry, III |
| | ) | |
| Defendants. | ) | |

## Defendants' Emergency Motion to Compel Notice

**NOW COME** certain defendants[1] ("Defendants"), by and through their undersigned counsel, and hereby requests that this Court compel Plaintiff to inform third-party Amazon.com ("Amazon"), in light of the expiration of the temporary restraining order, to accordingly inform Amazon that certain restraints imposed by the temporary restraining order may be released.

1.  On January 5, 2026, the Court granted Plaintiff's motion for entry of a temporary restraining order ("TRO") against the defendants. [Dkt. 13]. The TRO was subsequently extended until February 2, 2026. [Dkt. 18].

2.  Plaintiff filed its motion for preliminary injunction on February 3, 2026, [Dkt. 28], which Defendants opposed [Dkt. 35]. Notably, the TRO was not extended after February 2, 2026, and no preliminary injunction has been entered against Defendants as of the time of this filing.

3.  Defendants thereafter sought to have the lingering restraints imposed by the TRO against their Amazon storefront accounts and the accused product Amazon Standard Idendification Numbers ("ASINs") lifted, including by contacting Plaintiff's counsel on February 12, 2026, informing them of the expiration of the TRO and requesting them to inform Amazon of the

---

[1] betty li, Denneyas (aka Klaudio), Diventurs (aka Finchiger), Kotfiler, Original MJW, pattobold (aka Depriket), Radarga, Riser Treasure, S Wisdom HF, Sarah Zou, Sevenbor, Special Point, Unicepet, WChiho Q, wesley Hu, Xieheng, zara lei

expiration of the TRO.

4. As of the filing of this motion and on information and belief, communication from Plaintiff to Amazon on this issue, including communications notifying Amazon of the expiration of the TRO, has not yet occurred.

5. On strong information and belief, and in undersigned counsel's experience, platforms such as Amazon will not lift restraints imposed by a TRO or preliminary injunction, even where such orders expire or are dissolved, absent correspondence from the plaintiff's counsel or order of the court.

6. Here, Defendants' storefronts and their assets have been restrained since on or about January 5, 2026. [Dkt. 13]. As of the filing of this motion, the restraints imposed by Amazon on Defendants as a result of the TRO remain in place, despite the fact that the previously-entered TRO has since expired and there is currently no court order in place commanding Amazon to prevent Defendants from accessing the funds in their Amazon accounts or restricting sales on Defendants' allegedly-infringing Amazon listings.

7. The *de facto* asset restraint currently in place as a result Plaintiff's failure to notify Amazon of the expiration of the TRO substantially hinders Defendants' liquidity and ability to continue their operations, and Defendants are in urgent need to access the funds to continue their business. [Dkt. 35-5 at ¶ 7]; Win Win Aviation, Inc. v. Richland Cnty., S.C. Sheriff's Dep't, 2015 WL 1197534 at *4 (N.D. Ill. Mar. 16, 2015) ("if plaintiff's business was no longer able to continue as a result ... that would qualify as irreparable harm."); *See also*, Am. Trucking Associations, Inc. v. City of Los Angeles, 559 F.3d 1046 (9th Cir. 2009) (finding irreparable harm here "it is likely that all of that part of the carrier's business will evaporate, even if it does other things elsewhere," and "at the very least[,] a loss of customer goodwill" will result based on inability to transact with customers at the port).

8. It would be prejudicial to continue denying Defendants access to their funds and to continue irreparably harming Defendants by the zombie injunction currently in place and the *de facto* extension of the TRO beyond its expiration. There is currently more than $150,000 restrained in Defendants' Amazon accounts, [Dkt. 35-5 at ¶ 6, Exhibit D], despite there being Court Order currently in place commanding Amazon to prevent Defendants from accessing the funds in their Amazon accounts or restricting sales on Defendants' allegedly-infringing Amazon listings, which strains equity and irreparably harms Defendants. Any further delay would cause serious and irreparable harm to defendants. Accordingly, an emergency motion is appropriate in the present case. *See* L.R. 77.2(a)(3) (defining "Emergency matter" to be "a matter of such a nature that the delay in hearing it would result from its being treated as any other matter would cause *serious and irreparable harm* to one or more of the parties to the proceeding …").

9. To remedy the unlawful *de facto* extension of the TRO beyond its expiration, this Court should compel Plaintiff to notify Amazon of the expiration of previously entered TRO and inform Amazon that any restraints imposed on Defendants' funds and their accused product ASINs should be lifted. *See* <u>TV Tokyo Corporation v. The Individuals et al.</u>, 24-cv-06187, Dkt. 84 (N.D. Ill. Oct. 9, 2024) (Ordering that "***Plaintiff must notify Amazon that the TRO has expired and any restraints on certain Defendants' accounts and their accused Amazon Standard Identification numbers (ASINs) may be lifted***" in situation where the TRO was entered and extended but then expired and no preliminary injunction had been entered, because there was "currently ***no asset restraint or injunction entered against [] Defendants***") (emphasis added).

10. Defendants informed Plaintiff of the exigent situation on February 12, 2026, and requested whether Plaintiff would inform Amazon of the TRO's expiration, if otherwise oppose Defendants motion.  As of the filing of this motion, Plaintiff has not expressed whether it has

informed Amazon or whether it would oppose this motion.

**WHEREFORE**, for the foregoing reasons, Defendants respectfully requests this Court to order

Plaintiff to specifically inform Amazon that, in light of the expiration of the TRO, any restraints

imposed thereby on Defendants and their accused ASINs may be lifted.

Dated this February 18, 2026

Respectfully Submitted,

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
*Counsel for Defendants*