**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Xiaowei Liu,

Plaintiffs,

v.

The Defendants Identified on Schedule A,

Defendants.

Case No. 25-cv-15356

Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Plaintiff Xiaowei Liu ("Liu") brings an action for patent infringement against various Defendants. Defendants betty li, Denneyas (aka Klaudio), Diventurs (aka Finchiger), Kotfiler, Original MJW, pattobold (aka Depriket), Radarga, Riser Treasure, S Wisdom HF, Sarah Zou, Sevenbor, Special Point, Unicepet, WChiho Q, wesley Hu, Xieheng, and zara lei (together, the "Moving Defendants") move to dismiss for lack of personal jurisdiction. [57]

For the reasons stated herein, the Moving Defendants' Motion to Dismiss [57] is granted.

### I.   Background

The following factual allegations taken from the operative complaint [7] are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

1

Liu is the owner of U.S. Design Patent No. D1,090,963 S (the "'963 Patent"), entitled "Table Lamp." [7] ¶ 9. The '963 Patent was filed on June 17, 2024 and issued on August 26, 2025. *Id.*

The Moving Defendants are "individuals, partnerships, unincorporated associations, and/or business entities" that "reside or operate in foreign jurisdictions." *Id.* ¶ 7. Liu contends that the Moving Defendants infringe the '963 Patent by "making, using, offering for sale, selling, and/or importing into the United States for subsequent sale" certain products. *Id.* ¶ 25. Liu alleges that the Moving Defendants directly target their sales to Illinois residents by operating e-commerce stores on online platforms and have sold, on information and belief, products using Liu's patented design to residents of Illinois. *Id.* ¶¶ 4, 5.

On February 26, 2026, the Moving Defendants moved to dismiss[1], pursuant to Rule 12(b)(2), for lack of personal jurisdiction. [57].

## II.   Standard

Under Rule 12(b)(2), a court may dismiss a claim for lack of personal jurisdiction over a defendant. Fed. R. Civ. P. 12(b)(2). A plaintiff need not allege facts concerning personal jurisdiction in his or her complaint, but "once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of

---

[1]The Moving Defendants' Motion is directed at Liu's original Complaint [1], not the operative Amended Complaint [7]. But because the allegations in the Amended Complaint do not substantively differ from the original Complaint and Liu has not raised this issue in his response, the Court construes the Motion [57] as if it was directed against the Amended Complaint.

jurisdiction." *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (quoting *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)).

When a court rules on a Rule 12(b)(2) motion based upon written submissions without holding an evidentiary hearing, the plaintiff need only establish a *prima facie* case of personal jurisdiction. *Id.* at 392–93. Where a defendant challenges by affidavit or other evidence a fact alleged in the plaintiff's complaint, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction. *Purdue Research Foundation*, 338 F.3d at 783. If the plaintiff "fails to refute a fact contained in the defendant's affidavit, that fact is accepted as true." *Mold-A-Rama Inc. v. Collector-Concierge-Int'l*, No. 18-CV-08261, 2020 WL 1530749, at \*2 (N.D. Ill. Mar. 31, 2020); *United Airlines, Inc. v. Zaman*, 152 F. Supp. 3d 1041, 1045 (N.D. Ill. 2015).

Though Federal Circuit law governs personal jurisdiction in patent law cases, *New World Int'l, Inc. v. Ford Glob. Techs., LLC*, 859 F.3d 1032, 1037 (Fed. Cir. 2017), the forum circuit governs procedural issues that are not unique to patent law. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1561 (Fed. Cir. 1994). This means that Seventh Circuit law governs procedural questions such as evidentiary sufficiency and the burden of proof. *Middleton Mixology LLC v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 24 12287, 2025 WL 513267, at \*2 (N.D. Ill. Feb. 17, 2025).

### III. Analysis

The Moving Defendants argue that this Court lacks personal jurisdiction over them. [57]. There are two types of personal jurisdiction[2]: general and specific. *Ford Motor Co. v. Mont. Eighth Jud. Dist.* Ct., 592 U.S. 351, 358 (2021). General jurisdiction exists only where a defendant is "essentially at home" in the forum state. *Id.* Here, Liu admits that the Moving Defendants "reside or operate in foreign jurisdictions." [7] ¶ 7. And the Declaration of Huifang Qu submitted by the Moving Defendants confirms that the Moving Defendants operate solely out of China, have never owned, leased, or utilized an office in Illinois, and have no agents, employees, or contractors in Illinois. [35-5] ¶ 3. The Court therefore cannot exercise general jurisdiction over the Moving Defendants.

Specific jurisdiction, by contrast, focuses on whether a defendant "purposefully avails itself of the privilege of conducting activities within the forum State." *Ford*, 592 U.S. at 359 (citation omitted). Even then, specific jurisdiction attaches only where the plaintiff's claims arise out of or relate to the defendant's contacts with the forum state. *Id.* The Federal Circuit has distilled these specific jurisdiction concepts into three elements: "(1) the defendant purposefully directed its activities at residents of the forum; (2) the claim arises out of or relates to the defendant's activities with the forum; and (3) assertion of personal jurisdiction is reasonable and fair." *M-I Drilling*

---

[2]Whether personal jurisdiction exists involves two inquiries: (i) whether a forum state's long-arm statute authorizes jurisdiction, and (ii) whether the assertion of personal jurisdiction violates due process. *Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147, 1152 (Fed. Cir. 2021). Because the Illinois long-arm statute permits courts to exercise jurisdiction to the full extent permitted by the United States Constitution, the statutory and federal constitutional inquiries merge. *Curry*, 949 F.3d at 393; *Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 697 (7th Cir. 2015).

*Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995, 1000 (Fed. Cir. 2018).

Liu maintains that specific jurisdiction exists here because the Moving Defendants operate Amazon stores that target sales to Illinois residents and, on Liu's belief, have sold infringing products to Illinois residents. [7] ¶¶ 4, 5. The Declaration of Huifang Qu submitted by the Moving Defendants, however, refutes Liu's allegations. [35-5] ¶ 4. Only one of the Moving Defendants—Depriket—has even sold an infringing product, and that sale was shipped to New Jersey, not Illinois. *Id.* Without any specific sales in Illinois, there is no specific jurisdiction over the Moving Defendants. *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1378–79 (Fed. Cir. 2017) (finding no specific jurisdiction where the accused infringer's website allowed users to select Kansas as a delivery address, but no actual sales occurred in Kansas).

Liu does not challenge the Moving Defendants' factual assertion that no Illinois sales occurred. [73]. Instead, Liu contends that specific jurisdiction nevertheless exists because the Moving Defendants and other Defendants in this action are commonly owned by "the Alibetr Group" and therefore this Court "may impute the contacts of one entity to another under alter ego theory." *Id.* at 2. Liu's Amended Complaint, however, provides no support for this "common ownership" theory. Specific allegations of shared ownership between the Moving Defendants and other Defendants are not provided, let alone any mention of "the Alibetr Group" or how "the

5

Alibetr Group" exercises common control over multiple defendants in this action.[3]
The first time such allegations appear is in Liu's response brief. [73]. But it is
axiomatic that a plaintiff cannot amend his complaint through a response brief.
*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436,
448 (7th Cir. 2011).

## IV. Conclusion

For the stated reasons, the Moving Defendants' Motion to Dismiss [57] is granted.
Liu's action against the Moving Defendants is dismissed for lack of personal
jurisdiction. Liu's motion for a preliminary injunction [28] against the Moving
Defendants is denied as moot. For administrative purposes only, the motion for
clarification [56] is granted. As ordered in [75], by 4/13/26, Liu is to file a status report
about the settlement discussions with identified defendants and the status of
Defendant 193 and its need for "clarification."

E N T E R:

Dated: April 8, 2026

_____
MARY M. ROWLAND
United States District Judge

---

[3]The Moving Defendants also submit a second declaration from Huifang Qu
confirming that none of them share common ownership or association with any other
Defendants. [79-1]. Because this declaration accompanied the Moving Defendants'
reply brief—giving Liu no opportunity to respond—the Court declines to consider it.
Regardless, the lack of allegations in the Amended Complaint concerning common
ownership are sufficient to warrant dismissal.

6